## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THARWAT YOUSSIF, | DOCKET NUMBER |
| Appellant, | PH-3443-25-0802-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE, | DATE: June 22, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tharwat Youssif</u>, Allentown, Pennsylvania, pro se.

<u>Valerie Neris</u>, <u>Jose Calvo</u>, and <u>Joshua Norris Rose</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal alleging a denial of a within-grade increase (WIGI) and involuntary reassignment for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis, we AFFIRM the initial decision.

The appellant joined the agency as a Food Safety Inspector in January 2023. Initial Appeal File (IAF), Tab 1 at 2, Tab 7 at 8. In December 2024, the agency reassigned him to a new duty station, contrary to the appellant's wishes. IAF, Tab 5 at 5. In January 2025, the appellant was scheduled to receive a WIGI, but the agency delayed processing the same. IAF, Tab 1 at 2.

On March 5, 2025, the appellant filed this appeal, contesting the reassignment and the delayed WIGI. IAF, Tabs 1, 2, 5. The appellant seemed to assert that one or both matters were the product of reprisal for his equal employment opportunity (EEO) activity and workplace violence complaints. IAF, Tab 2 at 1, Tab 5 at 3. Just a couple of days after he filed this appeal, the agency retroactively processed the appellant his WIGI. IAF, Tab 7 at 8.

After warning of the Board's jurisdictional limitations, the administrative judge dismissed the appeal. IAF, Tab 11, Initial Decision (ID). She reasoned that the appellant did not present nonfrivolous allegations consistent with the limited circumstances over which the Board has jurisdiction in cases of a denied WIGI. ID at 4-5. She further reasoned that the appellant's involuntary reassignment was not appealable because it did not result in a reduction in pay or grade. ID at 5-6.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that the administrative judge erred in relying on the absence of a reduction in pay or grade, because he *did* suffer a reduction in pay. *Id.* The appellant also reasserts his claim of reprisal. *Id.*

<u>The Board does not have jurisdiction over the appellant's claims as an individual right of action (IRA) appeal.</u>

As mentioned previously, the appellant has alleged that he was retaliated against for engaging in protected activities, such as EEO and workplace violence complaints, in violation of 5 U.S.C. § 2302(b)(9). PFR File, Tab 1 at 4. The administrative judge did not examine this argument because the appellant asserted that he was not raising a whistleblower retaliation claim. ID at 5-6 (citing IAF, Tab 8 at 6). We modify the initial decision to do so anyways.

In theory, the appellant's EEO complaints and workplace violence complaints might qualify as whistleblowing activities that are both protected under 5 U.S.C. § 2302(b)(9)(C)[2] and cognizable in an IRA appeal. *See Holman v. Department of the Army*, 2025 MSPB 2, ¶¶ 12-13. However, to establish Board jurisdiction over an IRA appeal, including a claim under section 2302(b)(9)(C), an appellant's burden includes proving that he exhausted his administrative remedies with the U.S. Office of Special Counsel (OSC) before seeking corrective action with the Board. *See Cooper v. Department of Veterans Affairs*, 2023 MSPB 24, ¶ 5 (citing 5 U.S.C. § 1214(a)(3)). Although the administrative judge did not explain this limitation to the appellant, the agency did. IAF, Tab 7 at 5; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (explaining that an agency's pleadings can cure an administrative judge's failure to provide proper notice of an appellant's jurisdictional burden). The agency

---

[2] Under 5 U.S.C. § 2302(b)(9)(C), it is a prohibited personnel practice to take a personnel action against an employee in reprisal for "cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law." *Reese v. Department of the Navy*, 2025 MSPB 1, ¶ 36.

informed him that he needed to show that he timely exhausted his remedies with OSC under 5 U.S.C. § 1214(a)(3) and 5 C.F.R. § 1209.2(b)(1) before the Board can address a potential IRA appeal. *Id.* The appellant acknowledged this information from the agency even though he disputed its accuracy. IAF, Tab 8 at 4.

The record shows that the appellant has not met this prerequisite to Board jurisdiction in an IRA appeal. He has not proven that he exhausted his administrative remedies with OSC. In his initial appeal form, the appellant wrote "NOT APPLICABLE" next to both the date he filed with OSC and the date OSC terminated its investigation of his claim. IAF, Tab 1 at 3. Furthermore, he asserted that "[m]y claims are based on reprisal for EEO activity . . . and therefore do not require OSC involvement." IAF, Tab 8 at 6. Thus, we find that the Board lacks jurisdiction over his claims as a potential IRA appeal.

The appellant has not otherwise established jurisdiction over the delayed WIGI or his reassignment.

As the administrative judge correctly recognized, there are limited other circumstances in which an appellant can establish jurisdiction over a denied WIGI, none of which are present here. ID at 2-3. The appellant has not asserted otherwise on review. Therefore, we affirm the initial decision in this regard.

Regarding the contested reassignment, the administrative judge correctly recognized that this is not directly appealable under chapter 75 absent a reduction in pay or grade. ID at 5 (citing *Sazinski v. Department of Housing and Urban Development*, 73 M.S.P.R. 682, 685 (1997); *Aliota v. Department of Veterans Affairs*, 60 M.S.P.R. 491, 495 (1994); *Spicer v. Department of Defense*, 59 M.S.P.R. 359, 362 (1993)) (emphasis omitted). However, as recognized by the appellant, the administrative judge overlooked the fact that his pay *was* reduced due to a change in his locality pay as he moved from one duty station to another. PFR File, Tab 1 at 4; IAF, Tab 5 at 5. Nevertheless, this does not require a different result.

Under longstanding Board precedent, an appellant has a chapter 75 right of appeal to the Board from a reduction in pay. *Campbell v. Department of Veterans Affairs*, 93 M.S.P.R. 70, ¶ 6 (2002) (citing 5 U.S.C. §§ 7512(4), 7513(d)). However, "pay" is defined as "the rate of basic pay fixed by law or administrative action for the position held by an employee." *Id.* (quoting 5 U.S.C. § 7511(a)(4)). For purposes of determining whether an employee has suffered a reduction in pay, locality pay is not considered part of an employee's basic pay. *Id.* We therefore modify the initial decision to reflect that the Board does not have jurisdiction over the appellant's claim of involuntary reassignment due to a reduction in pay because the reduction was due entirely to a change in locality pay.

In conclusion, the appellant has not met his jurisdictional burden regarding the delayed WIGI or his reassignment. Therefore, his appeal must be dismissed.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.